## NEAL *vs.* NEWLAND.

If a third party would interplead in a suit by attachment, and claim the property attached, his interpleader must be in writing, and embody sufficient matter to make up an issue upon it, if necessary, and to support a verdict and judgment.

If this is not done, there is no action in court, as between the interpleader and the original plaintiff.

THIS was a proceeding by interpleader in attachment, determined in the Randolph Circuit Court, in April, 1842, before the Hon. THOMAS JOHNSON, one of the Circuit Judges. Newland had sued Meeks Neal, and by writ of attachment taken certain property. The record states that Benjamin B. Neal came, by attorney, and claimed the property attached, and moved the Court to be permitted to interplead. That leave was granted, and the case continued. At the next term, a jury was sworn, *to try* the right of property claimed by Benjamin B. Neal. The jury found for Newland. Judgment for Newland, against B. B. Neal, for costs of the trial of the right of property. This is all that the record shows, except a bill of exceptions, detailing the evidence, and the judge's decisions in regard to it. Neal appealed to this Court.

The case was argued here by *Fowler*, for the appellant, and *W. Byers*, contra.

*By the Court*, DICKINSON, J. We have not considered the instructions of the Court upon the trial, because the transcript (and its truth is not controverted,) shows nothing to try. Although leave was

granted to interplead, it never was done.   This proceeding by way of interpleader partakes of an equitable character.   Its object is to save unnecessary litigation, because the title can be tried and determined with the same facility as if a new action was instituted.   But such interpleader must be in writing, and embody sufficient matter to make up an issue upon, if necessary, and support a verdict and judgment.   This was not done.   There was no action in Court. Judgment reversed, and the case remanded, with instructions to permit the interpleader to be filed, if leave be asked to do so; otherwise, that the case be dismissed.