BACHUS *v*. BACHUS.

4-9120                                          227 S. W. 2d 439

Opinion delivered March 6, 1950.

*Neva B. Talley* and *J. Harrod Berry*, for appellant.

*Otis H. Nixon*, for appellee.

GEORGE ROSE SMITH, J. On August 4, 1948, the Pulaski Chancery Court granted the appellant a divorce from her husband, the appellee. The couple had made a written contract by which they settled all property rights and agreed that the appellant would receive $200

a month as alimony and support for their four children. The chancellor approved this contract and incorporated it in the divorce decree.

No pleadings were filed after the entry of the decree, but at a later term of court the chancellor entered the order from which comes this appeal. This order recites that the parties appeared in person and by their attorneys, "and the court being well and sufficiently advised as to all matters of law and fact herein" adjudges (a) that the appellee is not in arrears in his payments, (b) that the appellee is to pay $150 a month until further orders of the court, and (c) that he pay a fee of $25 to the attorney then representing the appellant. The order concludes with a notation of the appellant's exceptions and prayer for appeal. The allowance of the attorney's fee is not before us, there being no cross appeal.

The court erred in reducing the amount of the monthly payments. The parties to a divorce action may agree upon the alimony or maintenance to be paid. Although the court is not bound by the litigants' contract, nevertheless if the court approves the settlement and awards support money upon that basis there is then no power to modify the decree at a later date. *McCue* v. *McCue*, 210 Ark. 826, 197 S. W. 2d 938. If changed circumstances should subsequently render the payments inequitable the court may decline to enforce by contempt proceedings the payment of a greater sum than the circumstances warrant, thereby remitting the plaintiff to her remedy at law to collect the balance due under the contract. *Pryor* v. *Pryor*, 88 Ark. 302, 114 S. W. 700, 129 Am. St. Rep. 102.

We think the chancellor was also in error in declaring that the appellee was not in arrears. The appellant concedes that some testimony—"very little"—was taken when the order was entered, but no reporter was present to record this evidence. The appellee insists that in view of this confession of an incomplete record we must assume that the evidence was sufficient to support the challenged order.

The difficulty, however, is not merely that there is no evidence in the record; there is also lacking any pleading to which the judgment might be said to be responsive. Our Civil Code requires that pleadings be in writing. Ark. Stats. 1947, § 27-1101. The purpose of this requirement is to enable each party to know what issues are to be tried. *Beasley* v. *Haney,* 96 Ark. 568, 132 S. W. 646. Even before the Code was adopted we recognized the need for written pleadings in any case when a statute contemplated their use. In *Neal* v. *Newland,* 4 Ark. 459, Newland brought suit against Meeks Neal and attached certain property. Benjamin Neal obtained leave to interplead and assert a claim to the property. The case was continued at his request, but at the next term it was tried without the interplea having been filed. In reversing the judgment we said that there was no issue for the court to try. ''This proceeding by way of interpleader partakes of an equitable character. Its object is to save unnecessary litigation, because the title can be tried and determined with the same facility as if a new action was instituted. But such interpleader must be in writing, and embody sufficient matter to make up an issue . . . and support a verdict and judgment. This was not done. There was no action in court.''

Under the Code we have adhered to the same rule. In *Rosewater* v. *Schwab Clothing Co.,* 58 Ark. 446, 25 S. W. 73, it was held reversible error for the trial court to allow an oral answer. ''The code requires all pleadings in the circuit court to be in writing. . . . If, therefore, it was necessary to answer the interplea at all, the answer could not properly be an oral one, except by consent.'' In the *Beasley* case, *supra,* we said: ''In the case at bar the answers of the garnishees were not properly denied; and the court erred in permitting an oral denial thereof. In the absence of a written traverse of the answers of the garnishees there were no issues thereon joined for trial, and the court was in error in proceeding to a trial before the issues were properly made.'' See also *Berlin* v. *Cantrell,* 33 Ark. 611, 614.

805

These decisions control the present case. Here the order does not show whether the parties appeared upon their own initiative, or by the court's direction, or for some other reason. In the absence of any written pleadings or of an agreement that they be waived by consent, it does not appear that the appellant knew in advance what issues were to be tried. Under the statute she was entitled to that information. She objected to the order at the time and took an appeal. Without pleadings or testimony we have no way of testing the correctness of the chancellor's order. We therefore set it aside and remand the cause for trial upon such issues as the parties may raise by appropriate pleadings. The appellant's attorneys are allowed a fee of $100 for their services.