REITER *v.* REITER.

5-699                                        278 S. W. 2d 644

Opinion delivered June 6, 1955.

*J. C. Dugan*, for appellant.

*Wood & Smith*, for appellee.

MINOR W. MILLWEE, Justice. This is an appeal from a decree denying appellant's petition to require appel-

lee, her former husband, to resume weekly payments for the support of their 12-year-old son in accordance with the original decree of divorce.

On March 3, 1953, appellant procured a divorce from appellee on the ground of general indignities. In the decree appellant was awarded custody of the child except that appellee was given custody one day each week and during the month of July in accordance with a written property settlement and agreement of the parties which was incorporated in and made a part of the decree. This agreement further provided that appellee should pay appellant $20 weekly for the child's support except during the month when appellee had custody. After a finding that the written agreement should be confirmed the decree further recites:

"For the purpose of clarity, the court finds that the property settlement binds the parties as to custody of Pat, their minor child, but that said child is not bound thereby and is subject to such future orders as may be necessary for his welfare. The defendant, S. J. Reiter, father of Pat, acknowledges that the award of custody is for the purpose of fixing rights between himself and May Bell Reiter, plaintiff, and further acknowledges that in the event the child does not desire to accompany him during the period or periods which he is entitled to custody such child will not be compelled to do so."

On July 9, 1953, a hearing was held upon appellee's application for an order directing delivery of the child to him for a month in compliance with the original decree. This hearing resulted in an order on the same date directing that the child should spend Saturday and Sunday of each week with appellee but that the previous provision that appellee also have custody for one month be held in abeyance.

On July 23, 1953, a hearing was had upon appellee's petition for contempt citation against appellant for interfering with the weekly visitation order by alienating the child from appellee so that he preferred not to comply with the court's order respecting said weekly visits. The court found that appellant had improperly influ-

enced the child and alienated him from appellee, and that the latter should be relieved of making the support payments during any week the child should fail to visit him in accordance with the court's order.

On October 20, 1954, appellant filed a petition alleging that circumstances were such as to require resumption of weekly support payments in accordance with the agreement of the parties incorporated in the original decree. When the parties appeared for a hearing November 9, 1953, counsel for appellant called the court's attention to the provision in the original decree to the effect that the child would not be compelled to visit in appellee's new home against his wishes. Appellant also offered the testimony of several witnesses, including the child, to prove the child's present need for support. Upon being informed that the child was not then making the weekly visits permitted by previous orders, the court declined to hear any testimony and entered the decree appealed from, which found there had been no changed conditions since the order of July 23, 1953; that the child's refusal to visit appellee was being caused by the actions of appellant; and that the court declined "to take any action" against appellee or "permit its process to be used" to enforce payment of support money for the child in the circumstances.

Appellant contends the trial court was without authority to modify the original decree as to the payments for child support because it was based upon an independent written contract between the parties which was incorporated in the decree and approved by the court. Appellant relies on such cases as *Pryor* v. *Pryor,* 88 Ark. 302, 114 S. W. 700, and *McCue* v. *McCue,* 210 Ark. 826, 197 S. W. 2d 938, to the effect that the independent agreement of the parties in these circumstances does not merge into the court's award and is not subject to modification except by consent of the parties. As appellee points out, these cases involve agreements relating to payments of alimony while we are here concerned with child support payments. It is true that the rule was also applied in *Bachus* v. *Bachus,* 216 Ark. 802, 227 S. W. 2d 439, where the agreement involved a monthly payment for both ali-

mony and child support, but it was there pointed out that the court might subsequently decline to enforce by contempt proceedings the payment of a greater sum than changed circumstances would warrant, thereby remitting plaintiff to her remedy at law to collect the balance due under the contract. In this connection courts of equity are empowered by Ark. Stats., § 34-1212 to enforce separation agreements or orders for alimony and maintenance by sequestration, equitable garnishment, contempt proceedings or other lawful means.

In a case where only payment for child support is involved, as here, we hold that a court of equity has the power to modify an award for child support when required by changed conditions and the best interests of the child even though the award is based on an agreement of the parties. This was the effect of our recent holding in *Lively* v. *Lively*, 222 Ark. 501, 261 S. W. 2d 409, where we said: "The power of a court to modify a decree for the support of minor children cannot be defeated by an agreement between the parents even when the agreement is incorporated in the decree, 27 C. J. S., Divorce, § 322a. Although the court may adopt the agreement of the parents and incorporate it in the decree, it still has the power to modify the decree when it shall be made apparent that changed conditions make a modification necessary." (Citing cases). While this statement was in the nature of *dicta* we think the principle is sound and salutary. It is in harmony with the following observation of the court in *Daily* v. *Daily*, 175 Ark. 161, 298 S. W. 1012: "In this connection it may be said that, whatever the result of the agreement between the husband and wife with respect to the custody and support of their minor child, such agreement does not affect the right of a court of equity to award the custody of the child to either parent and to make reasonable provision for its support and education. The reason is that the public has an interest in the matter, and that the interest of the child is the paramount consideration of the court." See also, *Penny* v. *Penny*, 210 Ark. 16, 193 S. W. 2d 811.

The primary issue here is whether the trial court correctly deprived the child of the right to his father's continued support solely because of the mother's misconduct in alienating the child from him. We have repeatedly held that the law makes it the duty of a father to support his minor child even though its custody is awarded to the mother. The misconduct of appellant in teaching the child to entertain feelings of hatred toward appellee, whatever may be its effect as a consideration for withdrawing custody from her, should not be allowed to prejudice the child's right to support. 17 Am. Jur., Divorce and Separation, § 703. The misconduct of appellant, wrong as it is, and painful as it must be to appellee, should not be visited upon the child so as to deprive him of all aid from his father. See *Buckminster* v. *Buckminster,* 38 Vt. 248, 88 Am. Dec. 652. This rule is peculiarly applicable here since appellee expressly acknowledged and the original decree stipulated that the child should not be compelled against his wishes to visit appellee in his new home nor be bound by the agreement between the parents in fixing future custodial rights.

It should be pointed out that there is no claim of inability to make the support payments. It should also be noted to appellee's credit that he has never sought to be relieved of making the support payments nor has he been delinquent in any manner in complying with the court's orders. Appellant's contention that appellee should be required to make payments accruing since July 23, 1953, is without merit since she did not appeal from the July order which became *res judicata* of her right to enforce the original decree as to payments accruing prior to filing the instant petition. *Seaton* v. *Seaton,* 221 Ark. 778, 255 S. W. 2d 954.

The decree is reversed and the cause remanded with directions to enter a decree for appellant for support payments accruing since October 20, 1954, and for such proceedings as may be necessary to enforce due compliance with such order.