ROBBINS *v.* ROBBINS.

5-1938                                    328 S. W. 2d 498

Opinion delivered November 9, 1959.

*Willis V. Lewis,* for appellant.

*Langston & Walker,* for appellee.

PAUL WARD, Associate Justice. The questions involved on the appeal relate to the amount of child support and the rights of visitation in a divorce action.

Appellant and appellee were divorced May 16, 1957. There were two children, ages at the time approximately three and five. The decree granting appellee a divorce provided that appellant should pay $25.00 a week for support of the minor children, $45.00 per month to pay installments on the residence in Little Rock, and gave custody of the children to appellee with the right of appellant to visit them on each Tuesday or Wednesday between 2:00 P. M. and 6:00 P. M. There was no appeal from the above decree.

On September 25, 1957, on petition of both parties the trial court issued an order in which it was noted that appellant had given to appellee a quitclaim deed to the residence mentioned above. The order relieved appellant of the $45.00 monthly payments heretofore mentioned and reduced the child support from $25.00 a week to $20.00 a week. No appeal was taken from this order.

Sometime after the divorce appellant remarried but he did visit the children generally on Wednesday afternoons, and once in a while he was allowed to keep them on Saturday nights. After appellant's remarriage it appears that some friction developed between him and appellee and on one occasion at least a fight took place between appellant and appellee's father at her residence.

On November 17, 1958, appellee filed a motion in the original divorce action seeking to restrain appellant from visiting her home and from molesting her and the children, asking that appellant's visitation rights be discontinued and asking that appellant be required to pay $100.00 per month for support of the minor children and also pay certain medical bills and court costs including an attorney's fee. On the same day appellant also filed a petition in the same case in which it was stated that he and appellee had formerly agreed that he should pick up the children each Saturday at 8:00 A. M. and keep them overnight; that appellee was prejudicing the children against him since his remarriage and also refusing to let him visit the children on Saturday. The prayer in appellant's petition was that appellee be required to show cause why she should not be held in contempt of court, and that she be restrained from interfering with his visitation rights with the children.

Upon the above motion and petition a hearing was had and on February 27, 1959, the trial court denied appellant's petition and also denied appellee's motion to discontinue appellant's rights of visitation. The trial court did, however, fix appellant's visitation rights to every other Saturday from 9:00 A. M. to 5:00 P.M.; and ordered appellant to pay $25.00 each week for support

of the two minor children, to pay $78.00 medical bill for the children, to pay $69.20 court costs, and to pay a $75.00 attorney fee for appellee.

Appellant has duly prosecuted an appeal from the above decree and seeks a reversal on three separate grounds, namely: One, the court erred in changing appellant's visitation rights; Two, the court erred in ordering appellant to pay $25.00 each week for the support of the minor children; and, Three, the court erred in ordering appellant to pay certain costs including an attorney's fee. We are unable to agree with appellant on any of the grounds set forth above and our reasons therefor are set out below.

*One.* We think it was in the sound discretion of the court to fix reasonable visitation rights for appellant and we are unable to say that its discretion was abused in this instance. In the original decree it was provided that appellant should have the right to visit his minor children on each Tuesday *or* Wednesday between 2:00 P. M. and 6:00 P. M. for a total period of four hours each week. Under the order appealed from appellant is given the same number of visitation hours but they are to be used between 9:00 A. M. and 5:00 P. M. on each alternate Saturday. The record discloses several things which might have prompted the trial court in making this change. It appears that one of the children is now of school age and it seems reasonable that the hours formerly fixed might easily cause a conflict. It also appears that there has been friction between appellant and appellee, at one time resulting in a fight as before mentioned. There is also testimony in the record given by Dr. N. T. Hollis from which the court could have found that appellant's demeanor was not what it should have been. As in all child custody cases, the trial court retains jurisdiction to make any change in visitation rights which future circumstances might dictate. We cannot, therefore, say that the trial court abused its discretion under the facts and circumstances above set forth.

*Two.* Likewise we see no merit in appellant's contention that the trial court erred in increasing the child support from $20.00 to $25.00 each week. Appellant contends that he and appellee had agreed on the lesser amount and that the court was bound thereby. In the first place the record does not establish that any such agreement was ever made. At least it was not set forth in the court's decree and the court was, therefore, not bound by it. Moreover, the matter of child support is something over which the trial court has continuing jurisdiction and it cannot be bartered away even by the parents. Also, the amount of support is a matter within the sound discretion of the trial court under the facts of each case. See *Johnson* v. *Johnson,* 165 Ark. 195, 263 S. W. 2d 379; *Martin* v. *Martin,* 225 Ark. 677, 284 S. W. 2d 647; and *Childers* v. *Childers,* 229 Ark. 12, 313 S. W. 2d 75.

*Three.* Likewise, we are unable to agree with appellant's contention that since appellee did not succeed on her motion relative to a discontinuance of appellant's visitation rights he should not have been required to pay for appellee's depositions, court costs, and attorney's fee. While it is true that appellee in her motion filed November 17, 1958, asked that appellant's visitation rights be cancelled and while it is true this was not done, it is also true that appellant did not get what he asked for in his petition filed on the same day. As to the rights to cost of the deposition, appellant's contention is fully met by our holding in *Hardy* v. *Hardy,* 228 Ark. 991, 311 S. W. 2d 761. Again it was within the sound discretion of the trial court to decide who should pay the court costs and the attorney's fee as well as the doctor bill for the treatment of the minor children. In each instance the amount of the allowance appears to be reasonable and we are unable to see in what way the trial court abused its discretion.

Affirmed.

Robinson, J., not participating.