James E. Johnston *v.* Mary G. Johnston

5-3981                                      408 S. W. 2d 885

Opinion delivered December 5, 1966

*James E. Stein* and *Bernard Whetstone,* for appellant.

*Spencer & Spencer* and *Don Gillaspie,* for appellee.

Osro Cobb, Justice. The parties were divorced in September, 1963. Prior to the divorce they entered into a written property settlement, which included a substantial allowance for alimony and child support. Both parties asked the court to incorporate the terms of their property settlement into the decree of divorce, which was done.

On July 19, 1965, appellant filed his petition seeking to amend and reduce his decreed obligations as to alimony and child support, based upon changes in his financial condition.

On hearing it developed that appellant had remarried; that his new wife earned $3,600.00 per year and that appellant's personal gross income had been $16,-511.70 in 1963; $22,537.13 in 1964 and $23,000.00 in 1965.

The trial court found that it was without jurisdiction to amend a decree as to alimony based upon a written agreement of the parties fixing the alimony as part of their property settlement contract. We quote from the findings of the court:

> "The Defendant's testimony further reveals that his most valuable assets at the time of the property settlement were the retirement fund held by the Equitable Life Assurance Society, and the value of future commissions to be received from renewals of insurance policies written in Equitable Life Assurance Society and Occidental Insurance Company. The Plaintiff, in the property settlement agreement gave up any claim that she might have had to these assets in return for the provisions for her benefit contained in the property settlement agreement, including the child support and alimony payments therein provided.

> "* * * In this case, the Defendant does not attempt to show any change in the needs and necessities of his family and the evidence in regard to his personal income shows *that it has increased in amount, rather than decreased* since the date of the property settlement agreement as entered into and incorporated into the Decree of this Court." (Emphasis supplied)

Appellant conceded that the needs of the children had not changed and the only issue on review here is whether the court erred in refusing to reduce the previously decreed alimony payments to appellee of $325.00 per month. This is the dispositive question on this appeal.

We have many times recognized the rule of law that, while the court is not bound by the contract of the parties in effecting a property settlement, once it enters a decree awarding support money upon the agreed property settlement, it thereafter has no power to modify the decree as to alimony. *Reiter* v. *Reiter,* 225 Ark. 157, 278 S. W. 2d 644 (1955); *Bachus* v. *Bachus,* 216 Ark. 802, 227 S. W. 2d 439 (1950); *McCue* v. *McCue,* 210 Ark. 826, 197 S. W. 2d 938 (1946).

The rule has always reserved to the court the right to review and modify in accordance with changing circumstances awards for support of children, increasing or reducing same as warranted. *Lively* v. *Lively,* 222 Ark. 501, 261 S. W. 2d 409 (1953).

Of course, where payment of part or all of the alimony becomes an impossibility through no fault of the party obligated to pay, the court will not invoke contempt proceedings against the party for such default; this rule, however, being without prejudice to the rights of the party due arrearage in alimony to a remedy at law to collect the balance due under the contract, (Property Settlement Agreement). *Pryor* v. *Pryor,* 88 Ark. 302, 114 S. W. 700 (1908).

We do not recede from the rule announced in the cases cited. Refusal of the trial court to entertain modification of the contract of the parties as to alimony was proper.

The decree of the Chancellor is therefore affirmed.

Affirmed.