BETTY WILLIAMS *v.* CLIFFORD WILLIAMS

5-6132                                       489 S.W. 2d 774

Opinion delivered January 22, 1973
[Rehearing denied February 26, 1973.]

*Henson & Faubus,* for appellant.

*W. J. Walker,* for appellee.

FRANK HOLT, Justice. This appeal results from the chancellor's order in favor of appellee upon his petition for a change in custody of his minor child and a reduction in his child support payments. In the original action the appellant sought and was awarded, by a consent decree, the custody of the parties' two minor children. A written property settlement agreement was incorporated into the decree. In pertinent part it reads:

> "Defendant agrees to pay $225.00 per month to the Plaintiff for child support, however, it is further agreed by the parties hereto, unless otherwise ordered by the Court, that the $225.00 a month house payment shall be made by Defendant in lieu of the child support herein and Defendant agrees to provide and

maintain said residence **** rent free to Plaintiff for a period of six years."

Approximately two months after the divorce decree was entered, appellee petitioned the court for custody of the parties' 15 year old son. The chancellor granted custody of the son to his father, the appellee, and reduced appellee's child support payments in half by ordering appellant to pay appellee $112.50 per month for as long as she remained in the home, the title to which is in appellee by virtue of the settlement of their various property rights. The order further provided that in the event appellant should vacate the home, appellee should commence paying $112.50 per month to appellant for the maintenance and support of their 12 year old daughter who remained in custody of the appellant mother.

For reversal, appellant contends: "The Chancellor erred when he changed the property settlement agreement." In support of this contention, appellant relies only upon *Anding (Anders)* v. *Anders,* 249 Ark. 413, 459 S.W. 2d 416 (1970), where we affirmed the chancellor's refusal to modify a property settlement agreement which was "without provision for its amendment or change." However, in the case at bar, the agreement specifically provides for alteration in the use of the words "unless otherwise ordered by the Court." Moreover, we do not construe the "rent free" provision to be independent of and unrelated to the agreed sum of child support. The monthly house payment agreed upon was to be made by appellee "in lieu of the child support."

Furthermore, "****[T]he power of a court to modify a decree for the support of minor children cannot be defeated by an agreement between the parents even when the agreement is incorporated in the decree." *Lively* v. *Lively,* 222 Ark. 501, 261 S.W. 2d 409 (1953). Also, see *Clifford* v. *Danner,* 241 Ark. 440, 409 S.W. 2d 314 (1966). The court has "the right to review and modify in accordance with changing circumstances awards for support of children, increasing or reducing same as warranted." *Johnston* v. *Johnston,* 241 Ark. 551, 408 S.W. 2d 885 (1966). In the instant case, certainly the change in custody constitutes a change in circumstances.

It follows that we are of the view that the chancellor correctly held the decree was subject to modification.

Attorney's fees and costs denied.

Affirmed.