Billy Neal HITT *v.* Imogene Hitt MAYNARD

78-234                                        576 S.W. 2d 211

Opinion delivered February 5, 1979
(Division II)

*C. W. Knauts,* for appellant.

*Guy Brinkley,* for appellee.

FRANK HOLT, Justice. Appellee was granted a divorce from appellant. The divorce decree recited that the court adopted a property settlement between the parties including appellant's agreement to pay $75 a week as support for their 6 year old child. Subsequently, appellant sought a reduction of child support to $37.50 per week, asserting a material change of circumstances and his inability to continue making the agreed payment. The court found, as a matter of law, that he was without authority to modify the child support contract. Appellant asserts this was error and we agree.

A contract between divorced parties with regard to their children's support, whether or not adopted by the court, is not binding upon the court, and therefore the agreement is subject to modification as the circumstances justify without the parties' consent. *Reiter* v. *Reiter,* 225 Ark. 157, 278 S.W. 2d 644 (1955); *Lively* v. *Lively,* 222 Ark. 501, 261 S.W. 2d 409 (1953); *Johnston* v. *Johnston,* 241 Ark. 551, 408 S.W. 2d 885 (1966); *Collie* v. *Collie,* 242 Ark. 297, 413 S.W. 2d 42 (1967); and *Williams* v. *Williams,* 253 Ark. 842, 489 S.W. 2d 774 (1973).

Here appellee argues, however, that this issue is mooted due to the fact that the chancellor ruled the appellant's circumstances or conditions had not sufficiently changed to justify withholding enforcement of the agreed child support. The record before us does not contain any evidence to justify this argument nor does the decree from which this appeal comes contain the ruling upon which the appellee relies. However, it very well may be upon remand the chancellor may have a basis from the evidence to justify his ruling.

Reversed and remanded.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.