Mervel L. McINTURFF *v.* Robert Donald McINTURFF

CA 82-164                                    644 S.W.2d 618

### Court of Appeals of Arkansas
### Opinion delivered January 12, 1983
[Rehearing denied February 9, 1983.]

*Howell, Price & Trice, P.A.,* for appellant.

*Boyett, Morgan & Millar, P.A.,* for appellee.

TOM GLAZE, Judge. This case involves a post-decretal divorce action in which the trial court modified its decree which incorporated the parties' agreement styled "Child Custody, Support and Property Settlement." Pursuant to the agreement, appellant was awarded custody of the two minor children, and appellee was credited with a lump-sum payment to cover his child support obligation by releasing his equity interest in the parties' house and lot. Less than two years after the divorce, the children moved in with appellee; appellee gained legal custody of the children and petitioned the court for a pro-rata refund of the lump-sum payment made under the parties' agreement. The court granted appellee's petition, and this appeal followed. We find the court erred.

We have a wealth of case authority dealing with when an agreement, in divorce actions, can and cannot be modified once it is merely approved by the court or incorporated and made a part of the decree.[1] None of these cases, however, is dispositive of the issue posed by the facts here.

In the instant case, the parties executed an independent contract which was incorporated and made a part of the divorce decree. Their expressed intent was to settle all rights in their real and personal property, financial matters, custody of and visitation with the children, and alimony and child support obligations. In cases in which the parties' contract is incorporated into the decree, the general rule is that the court cannot alter or modify it. *See Armstrong* v. *Armstrong,* 248 Ark. 835, 454 S.W.2d 660 (1970); and *Pryor* v. *Pryor,* 88 Ark. 302, 114 S.W. 700 (1908). An exception to this rule has been recognized by our courts in custody and child

---

[1]An excellent analysis and summary of Arkansas cases on this subject is set forth in Annot., 61 A.L.R.3d 520 (1975).

support matters. Provisions in such independent contracts dealing with custody and child support have been held not binding on our courts. *See Hitt* v. *Maynard,* 265 Ark. 31, 576 S.W.2d 211 (1979); and *Reiter* v. *Reiter,* 225 Ark. 157, 278 S.W.2d 644 (1955). However, even though child support has been a recognized exception to the general rule, the Supreme Court has on one occasion refused to modify a parties' independent agreement when it provided for a $200 monthly payment which was designated as alimony *and* child support. In other words, the amount attributable to child support was not severable from the alimony award. *Bachus* v. *Bachus,* 216 Ark. 802, 227 S.W.2d 439 (1950).

Appellee argues that the provisions the trial court modified involved child support and therefore under the rule in *Hitt* and *Reiter,* the court had the power to alter that part of the parties' agreement. We cannot agree. Our *de novo* review of the record reflects that, much like the situation in *Bachus, supra,* the provisions for support are not severable because appellee's equity interest designated as child support was also the basis of or consideration for the division of property contained in other provisions. In fact, we find the parties' well-drafted agreement is integrated in such a fashion that the property, debt, alimony and support provisions constitute reciprocal consideration. For example, appellee conveyed his $43,200 equity interest in the family residence and lot to appellant, subject to appellant's assuming the mortgage indebtedness on the property. This lump-sum amount was stipulated and was to cover appellee's child support obligations during the children's minority. A second mortgage indebtedness on the house in the amount of $15,000 was assumed by appellee. Appellant further undertook the responsibility of two additional notes totalling $29,000, one of which was appellee's sole debt in the sum of $23,000. Appellant, in turn, released all her interests in appellee's two businesses. In a provision captioned "ALIMONY," the parties agreed that "due to the division of property belonging to the parties . . . and other considerations that HUSBAND [appellee] shall not pay WIFE [appellant] support or alimony now or in the future." Although there are additional provisions, those mentioned here are sufficient to show the reciprocal nature of the entire

agreement. It was intended as a final, irrevocable and total settlement between the parties.

When parties execute an integrated property and support settlement agreement which is incorporated in their divorce decree, we believe the better rule is that the court cannot later alter or modify that decree unless the parties have provided for or agreed to such modification. *See Plumer* v. *Plumer*, 48 Cal.2d 820, 313 P.2d 549 (1957). Our review of the parties' contract and the other evidence before us leads us to one conclusion: The contract was integrated, it was intended to be a final settlement with respect to all property, financial, alimony and support matters, and it did not provide for modification. Therefore, we hold the trial court erred in modifying the parties' agreement, and we reverse accordingly.

In conclusion, we do not hold that the trial court is powerless to consider appellant's obligation, if any be shown, to pay child support while the children are in appellee's legal custody. Certainly, there is nothing in the parties' agreement which in any way precludes appellee from petitioning for child support. Thus, in reversing and remanding this cause, the trial court may consider that issue if it is properly raised.

Reversed and remanded.

COOPER, J., concurs.