Robert Bennett HUNTER
*v.* Barbara R. HUNTER

CA 84-74                                             681 S.W.2d 424

Court of Appeals of Arkansas
Division II
Opinion delivered January 2, 1984

*Billy J. Hubbell* of *Smith, Smith & Hubbell,* for appellant.

*James W. Haddock,* for appellee.

Tom Glaze, Judge. This appeal involves the parties' separation agreement and the trial court's refusal to modify it to relieve appellant's obligation to make payments on the parties' marital residence. In essence, appellant contends the house payments were intended as additional child support which the trial court should have terminated as a result of changed circumstances. Consistent with the trial judge's holding, appellee argues that the house payments were not for child support, and that they resulted from an independent contract between the parties which could not be modified or altered by the court. We affirm.

Appellant relies primarily upon the decisions of *Nooner* v. *Nooner*, 278 Ark. 360, 645 S.W.2d 671 (1983), and *Williams* v. *Williams*, 253 Ark. 842, 489 S.W.2d 774 (1973). Both cases are distinguishable from the one at hand. The *Williams* case is significantly different in that the Court determined the parties' agreement could be altered because it employed the terms "unless otherwise ordered by the Court." In addition, the Court, finding the house payments agreed upon were to be made "in lieu of" child support, then rejected appellant's argument that the house payment provision in the parties' agreement was unrelated to child support. Next, the *Nooner* case is inapposite because it did not involve a house payment provision. Instead the Court in *Nooner* considered an independent contract provision obligating appellant to pay $100 per week for the support of his wife and their two chidren. Because the *Nooner* agreement failed to divide and allocate the $100 support into alimony and child support payments, the Court held the chancellor had authority to determine those respective amounts. Apparently, the Court reached this conclusion based upon the proposition that either party has a right to ask for a change in child support regardless of any independent contract entered into between them. *Contra Bachus* v. *Bachus*, 216 Ark. 802, 227 S.W.2d 439 (1950).

Unlike either *Williams* or *Nooner*, the parties' agreement here contained *separate* paragraphs, one wherein they agreed appellant would pay $193 per month child support so long as the children resided at the marital home and another wherein they divided their properties. Under the property provisions, appellee remained in possession of the marital residence until the youngest child graduates from high school or reaches age twenty, whichever shall extend the longer; during this period, appellant agreed to make the house payments. In contrast to the *Williams* case, the parties here agree that their contract is independent and was duly incorporated into their divorce decree.

We believe the circumstances and agreement presented here are more closely aligned with those in *McInturff* v. *McInturff*, 7 Ark. App. 116, 644 S.W.2d 618 (1983). There, as here, the parties executed an independent contract, express-

ing the desire to settle their respective property rights as well as to establish their respective obligations to the children. Under the contract, the appellant wife was awarded custody of the parties' children and the husband was credited with a lump-sum payment to cover his child support obligation by releasing his equity interest in the parties' property. About two years later, both children had moved in with their father. He subsequently gained legal custody and asked the court at the same time to give him a pro rata referral of the lump-sum payment he made toward his child support obligation. We held that when parties executed an integrated property and support agreement which is incorporated into their divorce decree, the court cannot later alter or modify that decree unless the parties have provided for or agreed to such modification. In *McInturff*, we reviewed the record and found the parties' independent agreement was integrated so that the property, debt, alimony and support provisions were reciprocal and were intended to be a final settlement with respect to all property, financial, alimony and support matters. Accordingly, we concluded the trial court could not modify such an agreement.

Here, the trial court terminated appellant's obligation to pay the child support required by the parties' agreement and divorce decree, because the oldest boy is eighteen years old and the youngest son is now in appellant's custody. However, the court found that the appellant had a contractual duty to maintain payments on their former marital residence because such duty was a part of their property agreement and was not intended as child support. As in *McInturff*, the parties here expressed their desires to make a complete settlement of their respective property rights, both waiving their rights or claims in the other's property as divided under their written agreement. By a separate paragraph captioned "DIVISION OF PROPERTY," the parties described their rights and obligations involving their real and personal properties. This paragraph contains appellant's duty to make payments on their marital residence. Under another paragraph captioned "CHILD CUS-TODY," appellant agreed to pay $193.00 per month as child support, but the parties agreed such support would terminate when each child reached eighteen years of age or in the

event either of the children decide to live with the appellant. The parties made no mention that appellant's house payments — required under their property division paragraph — would terminate because the children obtained majority or lived with appellant.

In sum, the trial court found the youngest son was only fifteen years old and under the property division provision of the parties' contract, appellee is still entitled to retain possession of the marital home rent free. We agree. From our review of the parties' agreement, we believe the conclusion is inescapable that appellee's rent-free entitlement to the home was one basis of consideration for the manner in which the other properties were divided between them. This being so, we agree with the trial judge's decision finding this part of the parties' agreement to be unmodifiable.

We affirm.

MAYFIELD and COOPER, JJ., agree.