Mary LAKE *v.* Don Joel LAKE

CA 84-202                                   684 S.W.2d 833

Court of Appeals of Arkansas
Division II
Opinion delivered February 27, 1985

*Hurley & Whitwell*, by: *Ruby E. Hurley*, for appellant.

*Hoover, Jacobs & Storey*, by: *O.H. Storey, III* and *Victor A. Fleming*, for appellee.

James R. Cooper, Judge. This appeal arises from the chancellor's refusal to modify the parties' agreement concerning child support payments. The parties were divorced on December 26, 1976, and a property settlement

agreement was approved by the court at that time. The decree stated that "this agreement is a contract independent of any Decree of separation or divorce . . . and shall not be subject to modification by any Court." The agreement provided that the appellant was to have custody of the three minor children, that the appellant was to have possession of the marital home until the youngest child reached her majority, and that the appellant was to pay the sum of $500.00 per month in support, with that amount being reduced by $100.00 per month as each child reached majority. When the instant petition was filed, the parties' second oldest daughter was about to graduate from high school. The appellant sought to require the appellee to pay her daughter's high school graduation expenses, and she further sought modification of the agreement so that, upon the middle child's graduation, child support for the youngest child would not be reduced, but would remain at $400.00 per month. The chancellor determined that the separation and property settlement agreement contemplated such contingencies as an increase in the cost of living, that the agreement sufficiently provided for the children's needs, that it was not violative of public policy, and, finally, that the $300.00 was approximately the amount which would be appropriate were the court to fix support independently of the contract. From that decision, comes this appeal.

For reversal, the appellant argues that the chancellor erred in determining that the support agreement could only be modified if it violated public policy, and in determining that the only change in circumstances was the appellee's increased income. We do not agree with the appellant's interpretation of the chancellor's ruling, and therefore we affirm.

In *McInturff* v. *McInturff*, 7 Ark. App. 116, 644 S.W.2d 618 (1983), we said:

> In cases in which the parties contract is incorporated into the decree, the general rule is that the court cannot alter or modify it. *See Armstrong* v. *Armstrong*, 248 Ark. 835, 454 S.W.2d 660 (1970); and *Pryor* v. *Pryor*, 88 Ark. 302, 114 S.W. 700 (1908). An exception to this rule

has been recognized by our courts in custody and child support matters. Provisions in such independent contracts dealing with custody and child support have been held not binding on our courts. *See Hitt* v. *Maynard,* 265 Ark. 31, 576 S.W.2d 211 (1979); and *Reiter* v. *Reiter,* 225 Ark. 157, 278 S.W.2d 644 (1955).

We therefore agree with the appellant that the chancellor had the authority to modify the parties' agreement, in the event he found sufficiently changed circumstances. However, it is apparent that the chancellor determined that the original agreement adequately provided for the children's support at the time of the divorce, and that the parties had contemplated changed circumstances, such as increased income on the part of the appellee, and increased cost of living by the manner of reducing support as each child reached majority. We do not agree with the appellant that the chancellor refused to modify the agreement because it was not violative of public policy; the agreement was certainly modifiable, but, on the evidence presented, the chancellor declined to do so.

Next, the appellant argues that the chancellor erred in finding that the only changed circumstances was the appellee's increased income. However, we again disagree with the appellant's position. Although there were changed circumstances, including increased income on the part of the appellee, and increased expenses, the bottom line of the chancellor's finding was that the parties had contemplated such changes when they entered into the original agreement. More importantly, the chancellor found that the parties had adequately provided for changed circumstances because, at the time of the hearing in the case at bar, the child support was adequate to provide for the needs of the children. Additionally, the chancellor observed that, had there been no agreement, the child support amount due was reasonable under the circumstances, and was in accordance with the recommendations of the child support chart used by the court.

Although we review chancery cases *de novo,* we will not reverse the chancellor's findings unless they are clearly

erroneous or against the preponderance of the evidence. ARCP, Rule 52(a). Here, we cannot say that the chancellor's findings are clearly erroneous or against the preponderance of the evidence, and therefore, we affirm.

Affirmed.

CRACRAFT, C.J., and MAYFIELD, J., agree.