PAUL M. *v.* TERESA M.

CA 90-527                                      818 S.W.2d 594

Court of Appeals of Arkansas
Division I
Opinion delivered November 13, 1991

*Denver L. Thornton*, for appellant.

*Shackleford, Shackleford & Phillips, P.A.*, by: *Teresa Wineland*, for appellee.

JUDITH ROGERS, Judge. This is a paternity case. On October, 16, 1989, appellee filed a complaint before the Chancery Court of Union County seeking a determination that appellant was the father of her two-year-old son, and an order requiring appellant to pay child support. Appellant answered the complaint and also filed a counterclaim in which he presented a tort claim against appellee for deceit, and also asserted the defenses of waiver, estoppel and laches. Based on these claims appellant requested judgment over against appellant for any sums awarded and directed by the court to be paid by him on behalf of the minor child.

Thereafter, appellee filed a motion to dismiss appellant's counterclaim stating that appellant had failed to allege facts upon which relief could be granted, pursuant to Ark. R. Civ. P. 12(b)(6). By order of September 26, 1990, the chancellor found that appellant was the father of the child in question. Consequently, appellant was ordered to pay $30 a week in child support, and appellee was granted judgment in the amount of $4,620 for accrued support. The chancellor also denied appellant's counterclaim. It is from this order that this appeal arises.

Appellant does not appeal from those portions of the order finding that he is the father of the child and requiring him to pay child support. As his only issue for reversal, appellant contends that the chancellor erred in denying his counterclaim against appellee. We hold that the chancellor properly dismissed appellant's counterclaim, and affirm.

In the counterclaim, appellant alleged that in her deposition, dated November 27, 1989, appellee testified that the child was born on September 30, 1987; that her filing of the paternity action was the first demand made against appellant for support; that appellant told her that he did not want to get married and did not want a child; that appellee testified that it was her election not to have an abortion, even though appellant would have paid for it; and that appellee testified that she wanted to have another child and agreed at the time to take full responsibility for the child when she refused to have an abortion. On appeal, appellant asserts that a valid cause of action was stated based on the alleged understanding of the parties whereby appellee agreed to assume financial responsibility for the child once she declined to terminate the pregnancy. This court, sitting *en banc*, certified this case to the supreme court pursuant to Rule 29(1)(c), 29(1)(o) and 29(4)(b) of the Rules of the Supreme Court and Court of Appeals as one involving the construction of an Act of the General Assembly and rules of the court, as presenting a question in the law of torts, and as one involving an issue of significant public interest and a legal principal of major importance. However, certification was refused and the case was returned to this court for decision.

Inasmuch as appellant's theory of recovery is founded upon the alleged agreement of appellee to provide for the support of the child, we hold that appellant's argument must fail as such an agreement is not enforceable because it is not supported by consideration and is violative of public policy.

Consideration is any benefit conferred or agreed to be conferred upon a promisor to which she is not lawfully entitled, or any prejudice suffered or agreed to be suffered by a promisor other than such as she is lawfully bound to suffer. *See Bass* v. *Service Supply Co., Inc.*, 25 Ark. App. 273, 757 S.W.2d 189 (1988). At common law, it is the mother who is bound to support a

child born out of wedlock, not the putative father. *Rogue* v. *Frederick*, 272 Ark. 392, 614 S.W.2d 667 (1981). Since appellee was already obliged to support the child, an agreement by her to undertake this self-same obligation consequently fails for want of consideration. *See e.g. Davis* v. *Herrington*, 53 Ark. 5, 13 S.W. 215 (1890).

■ The major purpose of Arkansas' filiation laws is to provide a process by which the putative father can be identified so that he may assume his equitable share of the responsibility to his child. *Eaves* v. *Dover*, 291 Ark. 545, 726 S.W.2d 276 (1987). Once paternity is established, the law with regard to child support proceedings subsequent to a divorce is made applicable to paternity cases as is provided under Ark. Code Ann. § 9-10-109(a)(1) (Supp. 1991). *See White* v. *Winston*, 302 Ark. 345, 789 S.W.2d 459 (1990). In the context of divorce litigation, while parties may enter into contractual agreements with regard to contributions for child support, nevertheless, it is settled law in this state that the duty of child support cannot be bartered away permanently to the detriment of the child. *Storey* v. *Ward*, 258 Ark. 24, 523 S.W.2d 387 (1975); *Robbins* v. *Robbins*, 231 Ark. 184, 328 S.W.2d 498 (1959). *See also Barnhard* v. *Barnhard*, 252 Ark. 167, 477 S.W.2d 845 (1972). Likewise, we have held that an agreement not to seek any increases or decreases in child support is void as against public policy. *Crow* v. *Crow*, 26 Ark. App. 37, 759 S.W.2d 570 (1988). These holdings are based on the principles that the interests of minors have always been the subject of jealous and watchful care by courts of chancery, and that a chancery court always retains jurisdiction over child support as a matter of public policy, such that regardless of what an independent contact states, a chancellor has the authority to modify an agreement for child support to meet changed conditions. *Id.* Insofar as the agreement at issue here represents an attempt to permanently deprive the child of support, it is void as against public policy, and thus cannot form the basis for an actionable claim against appellee.

■ We note appellant's argument that the chancellor appears to have recognized part of the agreement when he declined to award appellee judgment for costs connected with the birth of the child. Even so, this does not alter our decision as an award for lying-in expenses is not mandatory, but is a matter that

is left to the sound discretion of the chancellor. *Eaves* v. *Dover, supra*.

█ In denying appellant's counterclaim, it is unclear as to whether the chancellor was granting appellee's motion to dismiss, or whether he was treating the motion as one for summary judgment as is permitted under Ark. R. Civ. P. 12(b)(6) when matters outside the pleadings are considered. Nevertheless, the counterclaim was subject to dismissal under Rule 12(b)(6) because the complaint failed to state facts upon which relief could be granted. When the result is correct, the appellate court will sustain the trial court if the decision reached by the chancellor is correct. *Carter* v. *F. W. Woolworth Co.*, 287 Ark. 39, 696 S.W.2d 318 (1985); *Guthrie* v. *Tyson Foods, Inc.*, 285 Ark. 95, 686 S.W.2d 164 (1985). We affirm.

Affirmed.

COOPER and JENNINGS, JJ., agree.