James Melvin KEESEE *v.* Nellie Ruth KEESEE

CA 94-121                                          891 S.W.2d 70

Court of Appeals of Arkansas
Division I
Opinion delivered January 25, 1995

*Baxter, Wallace, Jensen & McCallister*, by: *Ray Baxter*, for appellant.

*Richard L. Mattison*, for appellee.

JUDITH ROGERS, Judge. The appellant, James Melvin Keesee, appeals from an order of the Saline County Chancery Court which extended his obligation to make the payments on the parties' former marital home until their child graduated from high school, even though the child turned eighteen in November of his senior year. For reversal, appellant contends that the chancellor's decision was in error because the order worked a modification of a contractual agreement entered into by the parties at the time of the divorce, which provided that his obligation to make the house payments would cease when their child reached eighteen. We affirm.

The parties' 1981 divorce decree awarded custody of their children, then ages eleven and four, to appellee, Nellie Ruth Keesee, and appellant was required to pay $25 a week in support for the children. The decree also awarded appellee possession of the home and directed appellant to make the monthly mortgage payments until any of the following events occurred: the younger child reached eighteen years of age; appellee remarried; an adult male established a permanent residence on the premises; or until appellee died. The decree further provided that, upon the happening of any one of these events, the property would be sold and the proceeds equally divided.

In December of 1981, appellee petitioned for an increase in child support. In resisting this petition, appellant referred to his obligation to make the house payments in arguing that he could not afford to pay any additional child support. The chancellor denied appellee's petition at that time. Later in August of 1990, however, the chancellor increased appellant's child support obligation, while also ordering that he continue to make the house payments.

In October of 1993, appellee filed the present petition requesting that she be awarded continued possession of the home and that appellant be ordered to continue making the house payments and paying child support until their younger child, who would turn eighteen in November 1993, graduated from high school in the spring of 1994. At the hearing, appellee testified that, at the time she agreed to have the house sold when her son turned eighteen, he was not yet in school and that the timing of his graduation did not occur to her. She also testified that the child had lived in the house all of his life and that she would like for him to be able to live there until he finished high school. She also testified that, before the divorce decree was entered, the attorneys worked out a settlement and that she agreed with the decree's terms.

In response, appellant argued that the provision of the divorce decree regarding the house payments was contractual, and thus not subject to modification by the chancellor. Appellee disagreed, arguing that appellant had paid only $25.00 a week in support for years because the use and possession of the home was considered as part of the child support award. The chancellor agreed with appellee's position, saying, "The only reason the house was maintained was for the child. It wasn't maintained for Ms. Keesee." The chancellor then ordered appellant to make the house payments and pay child support until the child graduated from high school.

On appeal, appellant maintains that the provision of the divorce decree with regard to the house payment was contractual in nature, and thus could not be modified by the chancellor. In making this argument, appellant argues at length that the decree reflected an independent contract between the parties, and not simply their approval of the terms of the decree.

Appellant is correct in his assertion that, in cases in

which the parties' contract is incorporated into the decree, the general rule is that the court cannot alter or modify it. *See McInturff* v. *McInturff*, 7 Ark. App. 116, 644 S.W.2d 618 (1983). However, our courts have recognized an exception to this rule in child custody and support matters, and have held that provisions in such independent contracts dealing with child custody and support are not binding. *Id. See also Lake* v. *Lake*, 14 Ark. App. 67, 684 S.W.2d 833 (1985). In *Crow* v. *Crow*, 26 Ark. App. 37, 759 S.W.2d 570 (1988), we held that the chancellor always retains jurisdiction and authority over child support as a matter of public policy, and that, no matter what an independent contract states, either party has the right to request modification of a child support award. *See also Williams* v. *Williams*, 253 Ark. 842, 489 S.W.2d 744 (1973).

■ We need not decide in this instance whether or not the terms of the decree constituted an independent contract, since the chancellor's decision rests on his finding that the house payments were made for the benefit of the child and were an integral part of the award of child support. Although we review chancery cases *de novo* on the record, we do not reverse unless the chancellor's findings are clearly against the preponderance of the evidence or clearly erroneous. *Dodson* v. *Dodson*, 37 Ark. App. 86, 825 S.W.2d 608 (1992). We cannot say that the chancellor's interpretation of the decree was in error.

■ First, the length of time appellant was required to make the house payment was plainly tied to the younger child's eighteenth birthday. Secondly, appellant paid only a minimal amount of child support for a number of years. Also, appellant resisted the requested increase in 1981 because of his payment of the mortgage. One can easily infer that appellant understood that he made the house payment on behalf of the child.

■ We also observe that, in *McFarland* v. *McFarland*, 318 Ark. 446, 885 S.W.2d 897 (1994), the supreme court affirmed the chancery court's order refusing to terminate the appellant's child support obligation when the child turned eighteen, since the child would not graduate from high school until about a year after his eighteenth birthday. In doing so, the supreme court rejected the appellant's argument that Ark. Code Ann. § 9-12-312(a)(5)(A) (Repl. 1993), is unconstitutional. That statute pro-

vides: "The court may provide for the payment of support beyond the eighteenth birthday of the child to address the educational needs of a child whose eighteenth birthday falls prior to graduation from high school so long as such support is conditional on the child remaining in school." *See also Matthews* v. *Matthews*, 245 Ark. 1, 430 S.W.2d 864 (1968) (where the supreme court affirmed the chancellor's decision to continue child support payments until the child finished high school about six months after reaching the age of majority.)

The chancellor here, therefore, had the authority to direct appellant to continue making the house payments until the parties' younger child graduated from high school.

■ Appellant also argues that appellee neither pled nor proved a change in circumstances so as to justify any modification of the award. However, appellant never made this argument below. Because appellant failed to raise this issue, we do not consider it on appeal. *Irvin* v. *Irvin*, 47 Ark. App. 48, 883 S.W.2d 862 (1994).

Affirmed.

JENNINGS, C.J., and ROBBINS, J., agree.