Kenneth Dennis WARREN *v.* Magdalene Warren
KORDSMEIER

CA 96-355                                        938 S.W.2d 237

Court of Appeals of Arkansas
Division III
Opinion delivered February 19, 1997

*Ed Phillips*, for appellant.

*Ralph M. Patterson*, for appellee.

SAM BIRD, Judge. Appellant Kenneth Dennis Warren appeals a December 8, 1995, order of the Montgomery County Chancery Court that held that appellant's motion to reduce his child support was barred by the parties' property-settlement agreement. The parties were divorced on July 21, 1987. They had entered into a contractual property-settlement agreement that contained the following provision:

> Due to the nature of the parties' property settlement agreement, and the operation of the poultry business by the Defendant, the parties have agreed and contracted between the two of them the amount of child support shall remain the same from now until the children reach 18 years of age and that the Plaintiff

will not seek to increase the support at any time hereafter, nor will the Defendant seek to decrease the support obligation as agreed to and set forth herein.

Appellant first argues that the court erred in holding that because of the wording of the contract the amount of child support could not be altered. He cites numerous cases that hold that regardless of whether provisions are in a divorce decree or in a property-settlement contract, the court always retains jurisdiction to modify child-support obligations. We agree with appellant's argument and reverse and remand for a new hearing regarding the modification of child support.

In *Keesee v. Keesee*, 48 Ark. App. 113, 891 S.W.2d 70 (1995), we said:

Appellant is correct in his assertion that, in cases in which the parties' contract is incorporated into the decree, the general rule is that the court cannot alter or modify it. *See McInturff v. McInturff*, 7 Ark. App. 116, 644 S.W.2d 618 (1983). However, our courts have recognized an exception to this rule in child custody and support matters, and have held that provisions in such independent contracts dealing with child custody and support are not binding. *Id. See also Lake v. Lake*, 14 Ark. App. 67, 684 S.W.2d 833 (1985). In *Crow v. Crow*, 26 Ark. App. 37, 759 S.W.2d 570 (1988), we held that the chancellor always retains jurisdiction and authority over child support as a matter of public policy, and that, no matter what an independent contract states, either party has the right to request modification of a child support award. *See also Williams v. Williams*, 253 Ark. 842, 489 S.W.2d 744 (1973).

48 Ark. App. at 115-16, 891 S.W.2d at 72. And in *Paul M. v. Teresa M.*, 36 Ark. App. 116, 818 S.W.2d 594 (1991), a paternity case, we said:

In the context of divorce litigation, while parties may enter into contractual agreements with regard to contributions for child support, nevertheless, it is settled law in this state that the duty of child support cannot be bartered away permanently to the detriment of the child. *Storey v. Ward*, 258 Ark. 24, 523 S.W.2d 387 (1975); *Robbins v. Robbins*, 231 Ark. 184, 328 S.W.2d 498 (1959). *See also Barnhard v. Barnhard*, 252 Ark. 167, 477 S.W.2d 845 (1972). Likewise, we have held that an agreement not to

seek any increases or decreases in child support is void as against public policy. *Crow v. Crow*, 26 Ark. App. 37, 759 S.W.2d 570 (1988). These holdings are based on the principles that the interests of minors have always been the subject of jealous and watchful care by courts of chancery, and that a chancery court always retains jurisdiction over child support as a matter of public policy, such that regardless of what an independent contract states, a chancellor has the authority to modify an agreement for child support to meet changed conditions. *Id.*

36 Ark. App. at 119, 818 S.W.2d at 595.

Appellee admits the general rule, points out what she calls an exception to the rule, and argues that appellant failed to show adequate change of circumstances to justify a reduction in child support. Appellee cites *McInturff v. McInturff*, 7 Ark. App. 116, 644 S.W.2d 618 (1983), as providing an exception to the rule that child support can always be modified. In that case we said, "However, even though child support has been a recognized exception to the general rule, the Supreme Court has on one occasion refused to modify a parties' independent agreement when it provided for a $200 monthly payment which was designated as alimony *and* child support. In other words, the amount attributable to child support was not severable from the alimony award.

■ *Bachus v. Bachus*, 216 Ark. 802, 227 S.W.2d 439 (1950)." *McInturff*, 7 Ark. App. at 118. (Emphasis in the original.) In *Crow*, the court held McInturff was applicable only to its facts.

> We think that the result in *McInturff*, that the husband was not entitled to a *pro rata* refund, was correct, but our reliance on *Bachus* and its progeny was misplaced. *Nooner*, [see citation below] was decided only a few weeks before *McInturff*, and *Nooner* clearly allows a chancellor to determine which amounts are child support if the independent contract does not so state. Again, *McInturff* involved a refund of a lump sum child support payment rather than the chancellor's authority to order prospective child support payments and, as we noted, our ruling did not preclude the husband from petitioning the chancery court for future child support. 7 Ark. App. at 119. The issue of the refund in *McInturff* did not involve the same public policy considerations as cases dealing with prospective child support payments, because

refusing to refund the money to the father did not deprive the children of support. *See Nooner v. Nooner*, 278 Ark. 360, 645 S.W.2d 671 (1983). *McInturff* should be strictly limited to its unique fact situation because it involved a refund of a non-severable, lump sum child support payment rather than an order of child support based on changed circumstances and the best interests of the children.

*Crow*, 26 Ark. App. at 41, 759 S.W.2d at 572-73. We conclude that the chancery court always has the jurisdiction and authority to modify child support.

Reversed and remanded for a hearing on appellant's motion to reduce child support.

JENNINGS and GRIFFEN, JJ., agree.