William Edward EAVES, II *v.* Edith Kay DOVER

86-220                                726 S.W.2d 276

Supreme Court of Arkansas
Opinion delivered March 23, 1987

*Gregory E. Bryant,* for appellant.

*T.B. Patterson, Jr.,* for appellee.

Tom Glaze, Justice. ▪ Appellant, the father, filed a paternity petition, seeking a paternity determination of his son. Appellee, the mother, answered, admitting appellant was the father of the child but seeking a denial of his visitation rights and recovery of her lying-in expenses, child support and attorney's fees. An order was issued by the juvenile referee, determining appellant to be the natural father, and ordering him to pay lying-in expenses of $3,113.65 and attorney's fees of $500.00. The circuit court affirmed the referee's order and awarded an additional attorney's fee of $350.00. Appellant appeals, contending that Ark. Stat. Ann. § 34-706 (Supp. 1985) is a gender-based statute that violates the equal protection clause of the fourteenth amendment to the U.S. Constitution.[1] He further argues that, because the statute is unconstitutional, the award of lying-in expenses and attorney's fees should be reversed. We hold § 34-706 is constitutional, and, therefore, affirm the trial court.

Section 34-706 provides in relevant part:

> If it is found by the court that the accused is the father of the child, the court shall render judgment against him for the lying-in expenses in favor of the mother, or person who incurred the same, if required or claimed, for a sum not less than twenty-five dollars ($25.00), and if the same shall not be paid upon the rendition of such judgment, together with all costs which may be adjudged against him in said case, then the court shall have the power to commit the accused person to jail until the same shall be paid, with all costs;
> . . .

> * * *

> Provided, however, that the court may at any time, enlarge, diminish, or vacate any order or judgment in the proceedings under this Act [§§ 34-701—34-714] as justice may require and on such notice to the defendant as the court may prescribe.

---

[1] Appellant challenges only the constitutionality of § 34-706 and not its application.

Appellant argues § 34-706 denies him equal protection and, in effect, is a civil punishment in that all costs fall squarely on him. Appellant relies upon *Orr* v. *Orr*, 440 U.S. 268 (1979) wherein the Supreme Court held unconstitutional Alabama alimony statutes which provided that husbands, but not wives, may be required to pay alimony upon divorce. To this same effect, see *Hatcher* v. *Hatcher*, 265 Ark. 681, 580 S.W.2d 475 (1979). The *Orr* Court determined that the statutory scheme in question created a constitutionally-suspect classification wherein the distinctions made were gender-based without serving important governmental objectives. That Court's holding and its underlying rationale in no way apply here.

We first are obliged to point out that appellant reads § 34-706 too narrowly when arguing that statute affords the trial court no discretion and requires it to impose all lying-in expenses upon the father.[2] As early as 1910, this court, in construing § 34-706, held that the award of lying-in expenses must be confided largely to the discretion of the trial court. *Belford* v. *State*, 96 Ark. 274, 131 S.W. 953 (1910). In 1979, the General Assembly amended § 34-706, empowering the trial court with the discretion at any time to enlarge, diminish or vacate any order or judgment in these filiation proceedings as justice may require. *See* Act 718 of 1979. Thus, if any doubt existed that a trial court possessed discretion in the award of lying-in expenses, attorney's fees or support prior to 1979, clearly that doubt was eliminated by the General Assembly's passage of Act 718.

The major purpose of Arkansas's filiation laws is to provide a process by which the putative father can be identified so that he may assume his equitable share of the responsibility to his child. However, the court, in awarding lying-in expenses or attorney's fees under § 34-706, may exercise its discretion in determining the amount that father should bear, and, in doing so, it may even consider the mother's financial means when making an award.

The trial court, under our reading and interpretation of

---

[2] The trial court ordered appellant to pay all lying-in expenses in this cause, but appellant limited his argument below and on appeal to the constitutionality of § 34-706 and not to the reasonableness of the award made pursuant to that law.

§ 34-706, has discretion in assessing the amount of any awards made under the provisions of that statute. Thus, we conclude that § 34-706 does not discriminate on the basis of sex and, contrary to appellant's contention, does not violate the equal protection clause.

We affirm.