Peggy D. Phillips WEIR *v.*
John Field PHILLIPS, III

CA 00-1451                                          55 S.W.3d 804

Court of Appeals of Arkansas
Division II
Opinion delivered October 3, 2001

*Grider Law Firm, PLC,* by: *M. Joseph Grider,* for appellant.

*Goodwin, Moore, Colbert, Broadaway & Gray, LLP,* by: *Harry Truman Moore,* for appellee.

TERRY CRABTREE, Judge. This is a domestic-relations case. The appellant, Peggy Phillips Weir, petitioned the Lawrence County Chancery Court to increase the child-support payment from the appellee, John Phillips. Appellee filed a counter petition requesting that the court change the custody of their two children from appellant to him. The chancery court declined to increase appellee's child-support obligation and ordered a change of custody of the parties' younger child if appellant did not enroll that child in a certain school. Appellant agreed to the school arrangement and kept custody of both children. On appeal, appellant argues that the chancellor erred in: (1) declining to award her an increase in child support; (2) failing to make written findings in regard to his deviation from the family child-support chart; and (3) excluding appellee's use of a company vehicle as "income" for child-support purposes. We agree with appellant that the chancellor must articulate his reasons in writing for deviating from the family child-support chart, and that the chancellor erred in excluding appellee's use of a company vehicle as income. Therefore, we reverse and remand.

The parties are the parents of two minor children, R.P., born April 4, 1984, and J.P., born March 21, 1990. Pursuant to an order of January 28, 1998, appellee pays appellant $140 per week for the care, support, and maintenance of their two minor children. On appeal, the appellant argues that the chancellor erred in declining to find a material change of circumstances significant enough to warrant an increase in child support. She contends that appellee experienced a $114 per week increase in his salary, which equated to an overall 20% increase to his income.

██ ██ Appellant argues that the chancellor erred in failing to award her an increase in child support. Ark. Code Ann. § 9-14-107(a) (Repl. 1998) provides:

> A change in gross income of the payor in an amount equal to or more than twenty percent (20%) or more than one hundred dollars ($100.00) per month shall constitute a material change of circumstances sufficient to petition the court for review and adjustment of the child support obligated amount according to the family support chart after appropriate deductions.

A party seeking modification of the child-support obligation has the burden of showing a change in circumstances sufficient to warrant the modification. *Roland v. Roland*, 43 Ark. App. 60, 859 S.W.2d 654 (1993). The evidence is undisputed that appellee's income has increased by $114 per week. Clearly, this increase in income is enough to be deemed a material change of circumstances as it exceeds a $100 per month change as referenced in the statute. Therefore, we believe that appellant successfully established the threshold issue that a material change of circumstances existed with regard to appellee's income. However, we do not decide whether the chancellor erred in failing to award an increase in child support because the chancellor must first articulate his reasons for not awarding an increase in child support after appellant had proven a material change in circumstances.

██ Section I of Administrative Order No. 10 sets forth the rebuttable presumption that the amount of child support calculated pursuant to the most recent revision of the family support chart, promulgated by the Arkansas Supreme Court, is the amount of child support to be awarded in a judicial proceeding for child support. Although the amount of child support that a chancery court awards lies within the sound discretion of the chancellor and will not be disturbed on appeal absent an abuse of discretion, reference to the family support chart is mandatory. *Guest v. San*

*Pedro*, 70 Ark. App. 389, 19 S.W.3d 62 (2000); *see* Ark. Code Ann. § 9-14-106(a)(1)(A) (Repl. 1998). The most recent revision of the child-support chart is found at *In Re: Administrative Order No. 10: Arkansas Child Support Guidelines*, 331 Ark. 581 (1998). Section I addresses the rebuttable presumption created by the chart:

> The court may grant less or more support if the evidence shows that the needs of the dependents require a different level of support. It shall be sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to the Family Support Chart is correct, if the court enters in the case a specific written finding within the Order that the amount so calculated, after consideration of all relevant factors, including the best interests of the child, is unjust or inappropriate. Findings that rebut the guidelines shall state the payor's income, recite the amount of support required under the guidelines, recite whether or not the Court deviated from the Family Support Chart and include a justification of why the order varies from the guidelines[.]

Arkansas Code Ann. § 9-12-312(a)(2) (Supp. 1999) also sets forth guidelines to be followed in setting the amount of child support:

> In determining a reasonable amount of support, initially or upon review to be paid by the noncustodial parent, the court shall refer to the most recent revision of the family support chart. It shall be a rebuttable presumption for the award of child support that the amount contained in the family support chart is the correct amount of child support to be awarded. Only upon a written finding or specific finding on the record that the application of the support chart would be unjust or inappropriate, as determined under established criteria set forth in the family support chart, shall the presumption be rebutted.

■ Appellee concedes that the chancellor deviated from the family child-support chart. In his brief appellee states:

> The chancellor's statements on the record concerning his reasons for deviating from the family support chart were more than sufficient to support his finding with regard to child support. These statements were not reduced to writing or included in the court's order, but they do indicate the chancellor's justification for his deviation from the chart.

Clearly, both parties agree that the chancellor deviated from the family child-support chart. Because the chancellor chose to deviate

from the family child-support chart, he must specifically articulate in writing his reasons for doing so. However, the chancellor's "Order Modifying Decree" fails to contain any mention of appellee's income, the amount of support required under the guidelines, whether or not the court deviated from the chart, or to include a justification of why the order varies from the guidelines. We reverse and remand to the chancellor to specifically articulate his reasons for deviating from the family child-support chart when appellee's income increased more than $100 per month.

On appeal, appellant also claims that the trial court erred in excluding appellee's use of a company vehicle as "income" for child-support purposes. The chancellor found that appellee's use of a 1997 four-wheel-drive Ford truck inured to the benefit of appellee's employer, First Community Bank, rather than to appellee. Appellee testified that he had the privilege of using the truck for his personal business if he supplied the gas, and that the bank supplied the gas for business purposes.

■■ Our state supreme court specifically defined what constitutes income for child-support purposes. It stated in *Rowlett v. Bunton*, 68 Ark. App. 228, 6 S.W.3d 372 (1999) that income:

> means any form of payment, periodic, or otherwise, due to an individual, regardless of source, including wages, salaries, commissions, bonuses, worker's compensation, disability, payments pursuant to a pension or retirement program, and interest less proper deductions . . . The revised definition includes only employment earnings or payments based on employment benefits. Further the revised definition specifically provides that income must be a payment due to an individual.

We believe that appellee's use of the truck was a sizeable benefit to him and should have been considered a form of payment to him. Appellee testified that he used the truck as his personal vehicle for driving to and from work and on vacations including hunting trips. We hold that the chancellor erred by excluding appellee's use of his company truck as income for child-support purposes. On remand the chancery court should include appellee's use of the 1997 four-wheel-drive truck as income when it considers awarding appellant an increase in child support.

Reversed and remanded.

JENNINGS and BAKER, JJ., agree.