# Tom HARRIS *v.* Donna HARRIS

CA 02-1170                                          107 S.W.3d 897

Court of Appeals of Arkansas
Division II
Opinion delivered May 28, 2003

*Brockman, Norton & Taylor,* by: *C. Mac Norton,* for appellant.

*Bridges, Young, Matthews & Drake, PLC,* by: *Terry F. Wynne,* for appellee.

WENDELL L. GRIFFEN, Judge. Tom Harris appeals from an order of the trial court requiring him to continue paying child support for his oldest child who had reached the age of eighteen, graduated from high school, and was enrolled in college. Appellant argues that when his oldest child turned eighteen years old, a change of circumstance occurred by operation of law pursuant to Ark. Code Ann. § 9-14-237 (Repl. 2002) sufficient to warrant a modification of his child-support obligation. We agree; thus, we reverse and remand.

Appellant and appellee, Donna Harris, were divorced on January 20, 1998. Appellee was awarded custody of the parties' two children, and appellant was ordered to pay child support in the amount of $1,200 per month. The parties' separation and property settlement agreement was incorporated by reference into the 1998 divorce decree and provided, in part, that the $1,200 per month child support payment would "remain at this amount until such time as the children reach the age of 18," and that the parties "shall each be responsible for one-half (½) the reasonable expenses and costs of the college education of the children."

On June 13, 2002, appellant filed a petition to terminate his child support for the parties' oldest child, Lauren, because Lauren had graduated from high school and was about to turn eighteen on June 21, 2002. He also requested that child support for the parties' other child be set in accordance with Arkansas law. In response to appellant's petition, appellee argued that the parties negotiated the amount of child support at the time of the divorce and had agreed that child support was to remain at $1,200 per month until both children reached the age of eighteen. Appellee

filed a counterclaim against appellant contending that Lauren was attending college and that appellant had refused to pay for one-half of Lauren's college expenses.

A hearing was conducted on July 8, 2002. At the hearing, appellant testified that when the parties divorced he was making $41,000 per year. He negotiated the amount of alimony and child support that he was to pay and did not use the child-support chart. Appellant stated that he lived with his parents, rent free, for two years after the divorce, so that he could do what he could financially for his children. He acknowledged that the language used in the child-support provision of the agreement did not specify that his child-support obligation was to change upon Lauren reaching the age of eighteen. However, appellant stated that this is what he understood would happen and was part of his consideration for agreeing to pay for half of Lauren's college expenses. Appellant also mentioned that he maintained health insurance on the parties' two children at a cost of $125 per month, which was taken directly out of his paycheck. According to appellant, his current yearly income was approximately $58,000, and he was planning to remarry in August 2002.

Appellee testified that although at the time of the divorce she was planning to enter the insurance business, she was not working, which was a factor she considered when negotiating the child-support amounts with appellant. Appellee stated, "I had no doubt in my mind he would pay me $1200 per month until both children were eighteen, even though [when] Lauren turned eighteen Mr. Harris would be responsible for part of her college expenses." Appellee asserted that she needed the entire $1,200 per month child support to pay for the youngest child's tuition of $250 per month, uniforms in the amount of $400 per year, and registration fees. However, appellee testified that after the divorce, with the $1,200 per month child support, she had both the parties' children in private school. At the time of the hearing, appellee was no longer working, but was receiving $24,000 per year in disability, as compared to her prior salary of $25,000 plus commissions. Appellee further mentioned that Lauren no longer lived with her, but that the cost of taking care of Lauren had increased because

Lauren now had additional college expenses. Following the hearing, the trial court found that there had not been a change in circumstances sufficient to warrant a termination or reduction in appellant's child-support obligation. This appeal followed.

It is well settled that on appeal our review of a trial court's order of child support is *de novo*, and we will affirm the trial court unless its findings of fact are clearly erroneous. *Alfano v. Alfano*, 77 Ark. App. 62, 72 S.W.3d 104 (2002). A finding is clearly erroneous, even though there is evidence to support it, if the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Deluca v. Stapleton*, 79 Ark. App. 138, 84 S.W.3d 892 (2002). In resolving the question of whether the trial court's findings are clearly erroneous, we must give due regard to the opportunity of the trial court to judge the credibility of witnesses. *Johnson v. Ark. Dep't of Human Servs.*, 78 Ark. App. 112, 82 S.W.3d 183 (2002).

Appellant argues that the trial court erred in refusing to reduce the amount of his child support when his legal obligation to support his oldest child terminated by operation of law. Arkansas Code Annotated section 9-14-237 (Repl. 2002) provides that the "duty to pay child support for a child shall automatically terminate by operation of law when the child reaches eighteen (18) years of age or should have graduated from high school, whichever is later . . . unless the court order for child support specifically extends child support after such circumstances." Accordingly, a noncustodial parent who petitions the court to terminate child support alleging that his child has reached the age of eighteen and has graduated from high school has made a *prima facie* case for discontinuance of child-support payments. The burden then shifts to the custodial parent to go forward with proof that the child support should be continued. *Hogue v. Hogue*, 262 Ark. 767, 561 S.W.2d 299 (1978).

Appellee, however, argues that appellant was bound by the parties' agreement incorporated into the divorce decree to pay $1,200 per month in child support until both of their children reached eighteen years of age. In *Scroggins v. Scroggins*, 302 Ark.

362, 790 S.W.2d 157 (1990), the supreme court recognized that a parent who agrees, at the time of divorce, to continue support until the minor children are beyond the age of eighteen commits himself to uphold such an obligation. A parent can contract and bind himself to support a child past the age of majority, and such a contract is just as binding and enforceable as any other contract. *Worthington v. Worthington*, 207 Ark. 185, 179 S.W.2d 648 (1944). However, such independent contracts dealing with child support are not binding on the trial court. *Alfano v. Alfano, supra; Warren v. Kordsmeier*, 56 Ark. App. 52, 938 S.W.2d 237 (1997). Accordingly, the trial court always retains jurisdiction over child-support issues as a matter of public policy, and no matter what the parties' independent contract provides, either party has a right to request a modification of a child-support award. *Id.*

■ A party seeking to modify child support has the burden of showing a change in circumstances sufficient to warrant the modification. *Weir v. Phillips*, 75 Ark. App. 208, 55 S.W.3d 804 (2001). Factors which the trial court may consider in determining whether there has been a change in circumstances include remarriage of the parties, a minor reaching majority, change in the income and financial conditions of the parties, relocation, change in custody, debts of the parties, financial conditions of the parties and families, ability to meet current and future obligations, and the child-support chart. *Woodson v. Johnson*, 63 Ark. App. 192, 975 S.W.2d 880 (1998).

The first issue that we must address is whether appellant agreed to continue making child-support payments for his children past the age of eighteen. The relevant provisions of the property-settlement agreement provide (1) that the $1,200 per month child-support payment would "remain at this amount until such time as the children reach the age of 18," and (2) that the parties "shall each be responsible for one-half (½) the reasonable expenses and costs of the college education of the children." Appellant contends that although the language used in the agreement did not specifically state that upon Lauren turning eighteen years of age his child-support obligation would be modified, it was his understanding that:

when I agreed to the amount of child support, that I would pay this amount of child support until one turned age 18, and support for that child would end. This was part of my consideration to pay half of Lauren's college expenses. I thought the child support for her would end, and I would use that money to pay her college expenses.

Appellee, however, argues that the divorce decree specifically extends child support beyond the eighteenth birthday of Lauren and directs that the child support continued at $1,200 per month until both children reached eighteen. The trial court noted that the parties had contemplated a change regarding support. However, the trial court reasoned that:

> If the parties wanted it changed, it could very well have been placed in the property settlement agreement once Lauren turned 18 or graduated from high school, whichever came — I guess in this situation, last. Also, I must note that the custodial parent also has an obligation to pay one-half of the oldest child's expenses. And the parties very well could have contemplated that what was going for child support would now go toward Lauren's college expenses.

The trial court found that under the parties' agreement, appellant was obligated to pay both child support and one-half of the college expenses for the children who attended college.

■ However, based on our *de novo* review of the facts of this case, we conclude that the child-support provision stating that support would "remain at this amount until such time as the children reach the age of 18," is ambiguous; it does not clearly designate whether appellant's child-support obligation of $1,200 per month was to continue at this amount until both children reached eighteen years of age, or change once one reached the age of majority. If an ambiguity exists, we are permitted to look outside of the agreement to determine the actual intent and conduct of the parties. *Rockefeller v. Rockefeller*, 335 Ark. 145, 980 S.W.2d 255 (1998). Further, in determining the true intentions of the parties, different clauses of a contract must be read together and construed so that all of its parts harmonize if that is possible. *Dodson v. Dodson*, 37 Ark. App. 86, 825 S.W.2d 608 (1992).

■ In this case, the record reveals that appellant was only making $41,000 per year at the time of divorce, but agreed to pay alimony and child support in the amount of $1,200 per month, which was above the amount required under the child-support chart. As a result, appellant lived with his parents to be able to provide financially for his children. Part of the $1,200 per month child support was used by appellee to pay tuition for both children to attend private school, as the parties had agreed. Based on these facts, when we read the "child support" provision and the "college expenses" provision together, we must conclude that the intent of the parties was that appellant's child-support obligation would cease upon each child reaching the age of majority; however, if a child chose to attend college, the parties then agreed to share the expense of supporting the child while in college. If the parties had intended otherwise, the decree could have simply provided so by including the word "both." However, it did not. Based on these facts, we are not inclined to read such an intent into the decree, especially when doing so would impose an obligation to pay child support not clearly evidenced by the parties' agreement and in the face of Ark. Code Ann. § 9-14-237 (Repl. 2002).

■ The second issue we must address is whether there was a change of circumstances sufficient to modify child support. In the instant case, the record reveals that the parties' oldest child had graduated from high school, had reached the age of majority, and was no longer living under the same roof as appellee. On these facts, appellant made a *prima facie* showing of a change of circumstances sufficient to warrant modification of child support. The burden then should have shifted to appellee to prove the need for this support. *Hogue v. Hogue, supra.*

■ Accordingly, we hold that the trial court erred in finding that the parties had agreed that appellant was to continue paying child support for the children past the age of eighteen years old and that there was not a change of circumstances sufficient to warrant modification of appellant's child-support obligation.

Reversed and remanded.

HART and BAKER, JJ., agree.