Susan M. HYDEN *v.* James W. HYDEN

CA 03-527                                                148 S.W.3d 748

Court of Appeals of Arkansas
Divisions II and III
Substituted opinion upon grant of rehearing delivered
February 18, 2004*

---

*The original opinion, delivered November 19, 2003, was unpublished.

*Dover Dixon Horne PLLC*, by: *Thomas S. Stone* and *Nona M. Morris*, for appellant.

*Goodwin, Moore, Broadaway, Gray & Langley, LLP*, by: *Harry Truman More* and *Angela Bowden Gray*, for appellee.

JOHN F. STROUD, JR., Chief Judge. This opinion is in substitution of the opinion of this court issued on November 19,

2003. Appellant, Susan Hyden, and appellee, James Hyden, were divorced in 1996. They have three children, the youngest of whom is William, born on October 10, 1984. William is attending Hargrave Military Academy. By order entered January 7, 2003, the trial court transferred custody and control of William to appellee, terminated appellee's $1430 per month child-support obligation, and imposed a $536 per month obligation upon appellant that was designed to allow her to spread her payment for one-half of the expenses associated with William's two-year attendance at Hargrave Academy over a period of time that extended well past his anticipated graduation. Appellant contends on appeal that the trial court erred "in failing to find a material change of circumstance warranting a reduction of appellant's child-support obligation" and "in failing to properly apply Arkansas law in determination of appellant's child-support obligation."

In our original unpublished opinion in this case, issued November 19, 2003, we held that the trial court erred when it found that there had been no material change in circumstances and that it had no authority to modify the July 2001 order. We found that appellant should pay $536 per month in child support and that appellee should pay $1430 toward the Hargrave Academy expenses, both of which were based upon the child-support chart. We reversed and remanded this case to the trial court to allocate the excess of William's school expenses between the parties and suggested that one equitable manner of doing so would be on a *pro rata* basis. Appellee timely filed a petition for rehearing, contending that this court should rehear the case, should reverse the decision issued on November 19, 2003, and should reinstate appellant's child-support obligations as decided by the trial court. We have granted the petition and reinstated the appeal.

In this substituted opinion, we again reverse the trial court's decision and remand this case. However, instead of remanding the case for the trial court to allocate the excess school expenses, we remand for the court to enter an order that limits appellant's child-support payments to $536 per month, which is the amount that was reached by applying the child-support chart, with the balance of the Hargrave Academy expenses to be paid by appellee.

It is unnecessary to recount the various awards of custody and modifications thereof concerning the children since the decree was first entered in 1996 because the other two children have attained majority, and this appeal involves only the most recent

changes with respect to William. However, the terms of the two most recent modification orders are essential to understanding this case. The first of the two orders was entered July 12, 2001. In it, the trial court changed custody of William to appellant and ordered appellee to pay child support in the amount of $1430 a month, presumably based upon his income applied to the child-support chart, which was in addition to the $1221 a month in alimony that appellant was receiving pursuant to the original decree.[1] Moreover, paragraph seven 7 of this order provided:

> 7. If the Minor Child attends Catholic High School in Little Rock, Arkansas, all costs shall be paid by Plaintiff [Appellant]. If the Minor Child attends Hargrave Military Academy, in Chatham, Virginia, each party shall pay one-half of all expenses, including tuition, fees, travel, extracurricular fees and any other associated costs incurred by the Minor Child. Defendant's [Appellee's] child support obligation shall also be suspended and fully abated during any academic year the Minor Child attends Hargrave Military Academy, effective on the first day of classes and ending on the last day of classes (to include all school breaks, so long as the Minor Child completes the academic school year), and the balance of any child support shall be pro-rated for the remaining portion of any month and paid to Plaintiff [Appellant] through the Pulaski County Child Support Office.

The order thus contemplated two situations: (1) if William should attend Catholic High, appellant would pay all costs associated therewith, presumably out of the $1430 a month that she would be receiving from appellee as child support; (2) if William should attend Hargrave Academy, the expenses associated therewith would be shared equally by the parties, with appellee's $1430 a month child-support obligation to be abated during the academic year and reimposed during the summer months, prorating any amounts for partial months at the beginning and end of the academic year.

In January 2002, William returned to appellee's house. Appellee continued to pay the $1430 a month child support to appellant, but in April 2002 he filed a petition to modify. The hearing on the April petition was held in November 2002, and the

---

[1] According to the decree, this amount of alimony was to be paid for a period of 126 consecutive months (10.5 years) unless terminated earlier by circumstances provided in the decree that are not pertinent here.

order was entered January 7, 2003. This January 2003 order is the second of the two pertinent orders for purposes of this appeal. In it, the trial court transferred care, custody, and control of William to appellee. The order also acknowledged the fact that William began attending Hargrave Academy in the fall of 2002; determined that both parents were obligated to pay one-half of the expenses associated with William attending Hargrave for two years pursuant to paragraph seven of the July 12, 2001 modification order; terminated appellee's $1430 a month child-support obligation as of April, which was the month in which the petition for modification was filed; established appellant's child-support obligation of $536 a month based upon her approximate $3000 a month income, which included her alimony, applied to the child-support chart; ordered her to pay back-support for the months of May, June, July, and August; and ordered appellant to satisfy her portion of the Hargrave Academy expenses by continuing to pay appellee $536 a month during the two periods of September through May (*i.e.*, the two academic years when her child-support obligation would otherwise have been abated) and, in addition, to continue those payments beyond William's graduation from Hargrave until her one-half portion of the Hargrave Academy expenses was satisfied. As a matter of mechanics, the court also ordered that instead of appellant paying the support amount into the court, the amount was to be deducted from the amount of alimony that appellee paid her each month, *i.e.*, $1221 minus $536. It is from this January 2003 order that appellant appeals.

At the November 2002 hearing on appellee's petition, the trial judge took a few minutes at the outset to review his notes from the previous hearing and to engage in a colloquy with the attorneys to refresh his memory on the background of the case. During the colloquy, the trial court rejected appellee's attorney's position that the provision regarding Hargrave Academy expenses was not modifiable based upon the doctrine of *res judicata*. Rather, the trial court stated that "it is in the nature of support, Mr. Moore, and I think I can." Furthermore, the court later explained:

> [T]his is clearly in the nature of support, the order previously entered as to his schooling. Even though it doesn't say child support, that's what it is. . . . I don't know that I can change it. Now, I'm not saying I can or I won't, but I'm just saying it really raises that red flag in my mind as to whether or not I have authority to do so, unless you can demonstrate to me a material change in her financial circumstances.

It was undisputed at the hearing that at the time of the earlier order appellant's take-home pay was $281 a week, and that at the time of the November hearing it was $457.27 a week, which, apparently, by also including alimony brought her income close to $3000 a month.

At the end of the hearing the court made its ruling, explaining in pertinent part:

> [I]n order for this Court to modify that, I think there would have to be a change in circumstances. And I don't think there has been one demonstrated.
>
> . . .
>
> In looking at the Court's order of July 12, '01, the Court finds that it will be enforced. The — and particularly paragraph 7 of that as it relates to the schooling expense for William.

The court then discussed the manner in which the Hargrave Academy expenses would be handled, concluding:

> Then once William graduates, there's going to be a balance of some $15,000, give or take some, that she will continue to pay at [$]536 a month until that balance for this year and next year's Hargrave expense is paid out. And the Court will treat that as it would if a payor parent owed an arrearage in child support and that arrearage was due and owing even after the child turned 18 or graduated from high school, that parent continues to pay child support at that rate.
>
> . . .
>
> And, Mr. Stone, you know, I've tried to do some equity in the manner in which I've ordered the payment to be made. And I went back and I reread my notes completely from the testimony as well as the Court's ruling in July — well from ... the June 18, '01, hearing. And that's as good as equity as I can do, based upon what I understand the law to be. I don't think I'm entitled to modify that support order without a material change of circumstances.

Appellant's first point of appeal challenges the trial court's determination that there had not been a material change of circumstances. A party seeking modification of the child-support

obligation has the burden of showing a change of circumstances sufficient to warrant the modification. *Weir v. Phillips*, 75 Ark. App. 208, 55 S.W.3d 804 (2001).

Here, the trial court clearly considered the Hargrave Academy expenses to be "in the nature of support." Appellee does not challenge the trial court's treatment of the Hargrave Academy expenses as "in the nature of support," and therefore subject to modification when there has been a material change of circumstances, so we need not address that issue. However, we do find error in the trial court's determination that there was no material change of circumstances here.

We are unable to determine if the equal sharing of the expenses of Hargrave Academy set out in the July 2001 order was set by the court or included by agreement of the parties. We shall first address the possibility that it was by agreement of the parties. In *Harris v. Harris*, 82 Ark. App. 321, 107 S.W.3d 897 (2003), we explained that while independent contracts dealing with child support may be binding upon the parties, they are not binding upon the trial court:

> Appellee, however, argues that appellant was bound by the parties' agreement incorporated into the divorce decree to pay $1,200 per month in child support until both of their children reached eighteen years of age. In *Scroggins v. Scroggins*, 302 Ark. 362, 790 S.W.2d 157 (1990), the supreme court recognized that a parent who agrees, at the time of divorce, to continue support until the minor children are beyond the age of eighteen commits himself to uphold such an obligation. *A parent can contract and bind himself to support a child past the age of majority, and such a contract is just as binding and enforceable as any other contract. Worthington v. Worthington,* 207 Ark. 185, 179 S.W.2d 648 (1944). *However, such independent contracts dealing with child support are not binding on the trial court. Alfano v. Alfano, supra; Warren v. Kordsmeier,* 56 Ark. App. 52, 938 S.W.2d 237 (1997). *Accordingly, the trial court always retains jurisdiction over child support issues as a matter of public policy, and no matter what the parties' independent contract provides, either party has a right to request a modification of a child-support award. Id.*
>
> *A party seeking to modify child support has the burden of showing a change in circumstances sufficient to warrant the modification. Weir v. Phillips,* 75 Ark. App. 208, 55 S.W.3d 804 (2001). *Factors which the trial*

> *court may consider in determining whether there has been a change in circumstances include remarriage of the parties, a minor reaching majority, change in the income and financial conditions of the parties, relocation, change in custody, debts of the parties, financial conditions of the parties and families, ability to meet current and future obligations, and the child-support chart.*
> Woodson v. Johnson, 63 Ark. App. 192, 975 S.W.2d 880 (1998).

(Emphasis added.) Consequently, regardless of whether or not paragraph seven of the July 2001 order represented a contractual agreement of the parties, the trial court was authorized to adjust child support upon a showing of changed circumstances.

The provisions in the July 2001 order concerning Hargrave Academy were fashioned to address a speculative future event — it was not at all certain at that point where William would be going to school during his last two years of high school. There was no reference to the child-support chart regarding that possible future event, and neither was there any reference to the actual costs associated with attendance at Hargrave. The one-half division of expenses is clearly inequitable in light of the fact that appellant would pay all of the Catholic High expenses out of the $1430 a month that she was receiving as child support. Yet, that amount would be abated during the academic year if William attended Hargrave, with appellant paying one-half of the considerably more expensive Hargrave costs. Furthermore, at the time of the July 2001 order, William was in appellant's custody rather than appellee's, and appellee was the one ordered to pay $1430 a month child support, even though that amount was to be abated if William went to Hargrave. Thus, we find that the circumstances for all of the persons involved had changed materially since the entry of the July 2001 order, particularly the costs associated with supporting William. Consequently, the trial court erred in concluding that it had no authority to modify the July 2001 order.

For her second point of appeal, appellant contends that the trial court erred in failing to properly apply Arkansas law in determining the appropriate child-support obligation. In finding that there had been no material change of circumstances and that appellant, therefore, remained obligated for one-half of the Hargrave Academy expenses, the trial court in effect ordered appellant to pay child support at a rate of over $1000 a month, even though the court acknowledged that appellant could not afford to pay that amount, and developed something in the nature of a "payment-

plan" to try to ease the financial burden for her. That is, a one-half share of expenses for William's two years at Hargrave would amount to over $24,000, which would be more than $12,000 a year. Appellee paid, and would continue to pay, the school expenses up front, and therefore appellant's payments were to be made to him in satisfaction of her portion. Recognizing that she could not afford to pay that amount, but having determined that she remained obligated to pay one-half of the expenses, the court looked at the support chart in an effort to determine an appropriate amount for her to pay each month, based upon her income, and then fashioned the award to extend beyond William's graduation from Hargrave until appellant satisfied her portion of the expenses. According to the trial court's calculation of her income at $3000 a month, its determination of her child-support amount was $536 a month to be paid in the manner explained earlier in this opinion.

■ As noted earlier, the trial court was not bound to the one-half division of Hargrave Academy expenses because we have concluded that it erred in finding that there had been no change of circumstances. Arkansas Code Annotated section 9-12-312 (a)(2) (Repl. 2002) provides:

> (2) In determining a reasonable amount of support, initially or upon review to be paid by the noncustodial parent, the court shall refer to the most recent revision of the family support chart. It shall be a rebuttable presumption for the award of child support that the amount contained in the family support chart is the correct amount of child support to be awarded. Only upon a written finding or specific finding on the record that the application of the support chart would be unjust or inappropriate, as determined under established criteria set forth in the family support chart, shall the presumption be rebutted.

■ We note that the trial court specifically found that appellant could not afford to pay one-half of the Hargrave Academy expenses, and we further note that a straight application of the child-support chart to both parties collectively will probably not create the funds necessary to pay all of William's academy expenses. That is, assuming that the parties' incomes are similar to what they had been in January 2003, the child-support chart would indicate that appellant would pay $536 per month year round since William will either be residing at the school or at appellee's house. This amount will not nearly cover the anticipated academy expenses of $24,000 per year. It is a matter within the

custodial parent's right to send or to continue to send his child to any particular school. However, if he chooses to continue sending the child to a $24,000 per year school, he should not expect and we should not countenance requiring the noncustodial parent to pay any more than the chart requires. Any school expenses in excess of the child support paid by appellant to appellee will be the appellee's responsibility, as it was his or his son's decision to incur the substantially increased expenses to attend Hargrave Academy.

On *de novo* review we can determine the appropriate amount of child support to be paid by the noncustodial parent. Therefore, we exercise our *de novo* review, and, under the facts of this case, set the child support to be paid by appellant to appellee at $536 per month for every month commencing April 2002, when appellee's petition to modify was filed, until William finishes Hargrave Academy or otherwise graduates from high school. The total school expenses will be the responsibility of appellee whether William attends Hargrave Academy, Catholic High School, or some other high school. We remand this case to the trial court for entry of an order that is consistent with this opinion.

Reversed and remanded.

GLADWIN, ROBBINS, VAUGHT, BAKER, and ROAF, JJ., agree.